IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

     Plaintiff,

and

VANESSA BURROUS,

     Intervenor,

v.                             CASE NO.: 4:17-cv-00428-WS-CAS

WHATABURGER RESTAURANTS LLC,

     Defendant.

_____/

## CONSENT DECREE

      This Consent Decree ("Decree") is made and entered into by and between the United States

Equal Employment Opportunity Commission ("Commission" or the "EEOC"), and Whataburger

Restaurants LLC ("Whataburger").

## INTRODUCTION

      1.     EEOC commenced this action on September 22, 2017, under Title VII of the Civil

Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), Title I of the Civil Rights

Act of 1991, and 42 U.S.C. § 1981a, to correct alleged unlawful retaliatory employment practices

and to provide appropriate relief to Charging Party Ms. Vanessa Burrous ("Burrous").

      2.     The agreement to enter into this Decree shall not be construed as an admission of

liability by Whataburger as to any allegations by EEOC. Whataburger denies the allegations in the

Complaint and Amended Complaint and denies that it violated Title VII.  It is Whataburger's position that neither the company nor its employees engage in retaliation or have engaged in retaliation.

3.      In the interest of resolving this matter, and to avoid further cost of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree is final and binding on the Parties and their respective successors and assigns.

4.      No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties. By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions of this Decree.

5.      This Decree fully and finally resolves the claims asserted by the Commission and Burrous in the Complaint filed in this action styled *EEOC v. Whataburger Restaurants LLC*, Case No. 4:17-CV-428-WS-CAS (N.D. Fla.), and the underlying EEOC and FCHR charge of discrimination, *Burrous v. Whataburger Restaurants LLC*, 511-2015-02799.

6.      This Decree constitutes the complete understanding between the Parties with respect to the matters herein.

7.      If one or more provisions of this Decree are rendered unlawful or unenforceable, the Parties shall attempt to agree upon what amendments to this Decree, if any, are appropriate to effectuate the purposes of this Decree. In any event, the unaffected provisions will remain enforceable.

8.      This Decree does not resolve any charges of discrimination that may be pending with the Commission against Whataburger other than the Charge referred to in paragraph 5. This

Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or that may later be filed against Whataburger in accordance with standard EEOC procedures.

9.      Nothing in this Decree shall be construed to limit or reduce Whataburger's obligations to comply with the statutes enforced by EEOC: Title VII, Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, as amended, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-633a, the Equal Pay Act ("EPA"), 29 U.S.C. §206(d), and the Genetic Information Nondiscrimination Act of 2008 ("GINA"), 42 U.S.C. § 2000f.

## FINDINGS

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

a.      This Court has jurisdiction over the subject matter of this action and the Parties;

b.      The Court will retain jurisdiction for the duration of this Decree;

c.      No party shall contest the jurisdiction of this Court to enforce this Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Decree;

d.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of Ms. Burrous and the public interest are adequately protected by this Decree; and

e.      The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, officers, successors and assigns of Whataburger.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:**

**DURATION OF DECREE**

11.     This Decree shall be in effect for a period of three (3) years from the Effective Date.

12.     This Decree will not expire while any enforcement action concerning this Decree is pending.

**MONETARY RELIEF FOR CHARGING PARTIES (INTERVENOR-PLAINITFFS)**

13.     Whataburger shall pay the total sum of $180,000.00 in settlement of the claims raised in this action as follows: (1) $5,000 in Lost Wages to Ms. Burrous, for which an IRS Form W-2 shall issue; (2) Payment of $100,000 in Compensatory damages to Ms. Burrous, for which an IRS Form 1099 shall issue; and (3) Payment of $75,000 to the Law Office of Richard E. Johnson, for which an IRS Form 1099 shall issue.  Payment shall be made within thirty (30) calendar days following the Court's approval of this Decree.  The checks shall be delivered via Federal Express or by certified mail to: the Law Office of Richard E. Johnson.  Copies of the payments shall be sent to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Burrous Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131, and via e-mail at Robert.Weisberg@eeoc.gov and mdoconsentdecreecompliance@eeoc.gov.

14.     If Ms. Burrous fails to timely receive the payments described in Paragraph 13 above, then Whataburger shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. §6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

## GENERAL INJUNCTIVE PROVISIONS

15.     Whataburger's Tallahassee area restaurants, and all of its officers, managers, employees, agents, partners, successors, and assigns in Whataburger's Tallahassee area restaurants are enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree, including but not limited to Ms. Burrous.

## NEUTRAL JOB REFERENCE

16.     In the event Whataburger receives a request for a job reference, such request shall be directed to Whataburger's usual third-party vendor at the Work Number: (800) 367-2884.  In turn, such vendor shall provide Whataburger's typical neutral reference, and no mention of employment complaints or issues, retaliation, the Charge of Discrimination, or this lawsuit shall be made as part of any reference.

## REVISION AND DISTRIBUTION OF POLICY AGAINST RETALIATION

17.     Whataburger must continue to distribute an anti-retaliation policy (the "Policy") consistent with this Decree to be used in the Tallahassee area units.

18.     The Policy shall include a procedure for making retaliation complaints for applicants and employees.

19.     The Policy shall include a formal, written prohibition against retaliating against an applicant or employee because he/she has reported discrimination.

20.     The Policy shall provide that all managers, including those at the store level, that learn of retaliation must escalate the report or complaint to human resources or an Area Manager.

21.     The Policy shall provide that failure to escalate a complaint or report of retaliation

may result in discipline up to and including termination of employment.

22.     In addition, Whataburger shall continue to distribute an anti-retaliation policy to human resources officials and to Area Managers and the chain of command above the Area Manager level (the "HR and Management Policy").

23.     The HR and Management Policy shall provide written instructions for human resources officials and Area Managers and the chain of command above the Area Manager level to follow in circumstances when he or she learns of a report of retaliation from an employee or applicant.

24.     The HR and Management Policy shall include written instructions for human resources officials and Area Managers and the chain of command above the Area Manager level to follow in circumstances when he or she learns of a complaint of retaliation from an employee or applicant.

25.     The HR and Management Policy shall include instructions and best practices for human resources officials and Area Managers to follow during an investigation into a report of retaliation from an employee or applicant.  Investigations into reports of retaliation shall include, but not be limited to, conducting interviews to the extent practicable of employees who are supervised by the alleged retaliating manager or managers; and conducting interviews of all individuals identified in the initial report or subsequent interviews concerning the report.

26.     The HR and Management Policy shall include best practices for human resources and Area Managers and the chain of command above the Area Manager level to follow in determining when disciplinary action is warranted, including action against supervisors and co-workers.

27.     A copy of both Policies will be provided to the EEOC within 120 calendar days of

the Court's approval of this Decree. Thereafter, copies of the Policy will be distributed to employees and managers at Whataburger's Tallahassee area restaurants and copies of the HR and Management Policy will be distributed to all Area Managers and human resources personnel (as applicable) having responsibility over Whataburger's restaurants in the Tallahassee area within 150 calendar days of the Court's approval of this Decree. Copies of the Policy will be distributed to employees and managers in the Tallahassee area by human resources officials via in-person meetings, which can be in-person group meetings as part of the training sessions contemplated in this Consent Decree. Managers in the Tallahassee area shall also receive the Policy via electronic mail. Copies of the HR and Management Policy will be distributed to Area Managers and human resources personnel in the Tallahassee area by human resources officials and via electronic mail.

28.     A copy of the Policy shall be included in any relevant employee handbook or manual maintained by Whataburger, including on Whataburger University.

## TRAINING

### *Training--Human Resources Officials*

29.     Whataburger shall provide all of its human resources officials over the Tallahassee area one and a half (1 1/2) hours of live training (the "HR Training") for each year of the Consent Decree, for a total of three training sessions.

30.     The first HR Training shall take place within six (6) months following the Court's approval of this Decree.

31.     The HR Training shall include the following: (1) an explanation of the prohibition against retaliation under the Title VII; (2) an explanation of the rights and responsibilities of managers, employees, applicants and human resources officials under Title VII, the HR and Management Policy and the Policy; (3) examples of different forms of retaliation, including

harassment and disparate treatment; and (4) best practices for good workplace investigations. The HR Training shall also cover the Policy and the HR and Management Policy.

32.    Whataburger agrees to provide EEOC with at least four (4) weeks' notice before conducting training sessions pursuant to this Decree.  In the written notice, Whataburger shall notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training.  The training sessions will be video recorded with sound, and Whataburger will supply such recording to EEOC within ten (10) calendar days of the training session.

33.    Whataburger agrees to provide EEOC with all copies of pamphlets, brochures, outlines or other written materials provided to or used as part of the training sessions at least three weeks in advance of the training.

34.    Ten calendar days after the HR Training, Whataburger shall provide EEOC a list of all attendees to the HR Training, including first and last name, and title.

### *Training—Managers and Supervisors*

35.    Whataburger shall provide managers and supervisors one and a half (1 1/2) hours of live training, annually, during the term of this Decree (the "Manager Training").  Manager Training shall be provided to Area Managers, General Managers, and Managers at all Tallahassee area restaurants.

36.    The first Manager Training shall take place within six (6) months following the Court's approval of this Decree.

37.    Whataburger agrees to provide EEOC with at least four (4) weeks' notice before conducting training sessions pursuant to this Decree.  In the written notice, Whataburger shall

notify EEOC of the dates on which training is scheduled, the name and job title of the person(s)/organization who will conduct the training, a resume of the person conducting the training, and the name and job title of each person who will attend the training. The training sessions will be video recorded with sound, and Whataburger will supply such recording to EEOC within ten (10) calendar days of the training session. At least one human resources official must be present at the Manager Training. Ten calendar days after the Manager Training, Whataburger shall provide EEOC a list of all attendees to the Manager Training, including first and last name, and title.

38.     Whataburger agrees to provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to or used as part of the training sessions at least three weeks in advance of the training.

39.     Manager Training shall cover the following items: (1) an explanation of the prohibition against retaliation under the Title VII; (2) an explanation of  the rights and responsibilities of managers, employees, applicants and human resources officials under Title VII, the HR and Management Policy and the Policy; (3) address questions manager(s) may have about the Policy and the HR and Management Policy; (4) review hypothetical scenarios with managers; and (5) provide examples of different forms of retaliation, including harassment and disparate treatment of individuals who report discrimination. The Training shall further specifically cover the duty to escalate all reports or complaints of retaliation as indicated above.

### *Training—Non-Management Employees and/or Hourly Employees*

40.     Whataburger shall provide non-management employees and/or hourly employees in the Tallahassee area thirty (30) minutes of computer-based training with a quiz (the "Employee Training"). Whataburger shall provide the Employee Training to all of its non-management

employees in the Tallahassee area with the understanding by all Parties that it is not possible to ensure that all such employees will be able to attend such training given employee turnover and /or short staffing that may occur in the restaurants.

41.    The first Employee Training shall take place within six (6) months following the Court's approval of this Decree.   Thereafter, during the term of the Consent Decree, new employees will receive the Employee Training within the first four (4) months of hire, again with the understanding by all Parties that it is not possible to ensure that all such employees will be able to attend such training given employee turnover.  In addition, to the extent that Whataburger is unable to train a new employee within the first four months due to short staffing, Whataburger may request an additional four (4) months to complete the training, and such request will not be unreasonably denied.

42.    The Employee Training shall include the following: (1) an explanation of the prohibition against retaliation under the Title VII; (2) an explanation of the rights and responsibilities of managers and employees under the Title VII and the Policy; (3) examples of retaliation, including but not limited to disparate treatment of individuals who report discrimination; and (4) instruction on reporting retaliation both internally through the Policy, and externally through EEOC and/or other government agencies.

43.    The Employee Training shall be conducted by computer-based training with Whataburger training staff available by telephone or e-mail to address questions or concerns that may arise.  Whataburger agrees to provide EEOC with at least four (4) weeks' notice before conducting the first training sessions pursuant to this Decree.  In the written notice, Whataburger shall notify EEOC of the date when the training will commence, the name and job title of the person(s)/organization who will conduct the training, and a resume of the person conducting the

training.

44.     Whataburger agrees to provide EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to or used as part of the training sessions at least three weeks in advance of the training.

## DISTRIBUTION OF NOTICE

45.     Within ten (10) calendar days from the Court's approval of this Consent Decree, Whataburger shall post an eight and a half (8½) inches by eleven (11) inches laminated copy of the Notice attached as Exhibit A to this Decree at all Tallahassee area Whataburger restaurants in a common posting area-frequented by Whataburger's employees (i.e. employee bulletin board). The Notice shall remain posted for the period this Consent Decree is effective.  Whataburger shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material.

46.     At the first reporting period, Whataburger shall certify to EEOC in writing that the Notice has been properly physically posted as described in this section, and Whataburger must also take a photograph of the Notice and its posted location.  Whataburger shall email the certification of the Notice's posting and photographs to Robert.Weisberg@eeoc.gov, the EEOC Regional Attorney, and mdoconsentdecreecompliance@eeoc.gov with the subject line: Whataburger Consent Decree.

## ANONYMOUS HOTLINE

47.     Whataburger shall continue to maintain a hotline number through which applicants and employees may make anonymous complaints of retaliation.

## REPORTING

48.     Whataburger shall furnish to EEOC written Reports on the following dates: October

30, 2020, April 30, 2021, April 30, 2022, and April 30, 2023.  Each such Report shall contain the following provisions, as applicable:

    a.    A certification that Whataburger conducted all training required in Paragraphs 29-44 above.

    b.    A certification that Whataburger has made and/or maintained the posting and distributions required in Paragraphs 45-46 above.

    c.    A list of the total number of employees in the Tallahassee area during the reporting period, and of those, the number of employees that received the Employee Training.

    d.    Whataburger shall disclose all complaints and/or reports of retaliation made by employees or managers in the Tallahassee area.  Whataburger shall include:  (1) applicant/employee's name;  (2) applicant/employee's race/color; (3) Whataburger Unit Numbers where the applicant applied/ employee works and position applied for / held; (4) employee's supervisor(s); (5) summary of applicant's / employee's report; (6) summary of the investigation conducted; (7) summary of the resolution of report.  In the event there are no reports of retaliation, Whataburger shall send the EEOC a "negative" report indicating no activity.

## COMPLIANCE

49.    The EEOC may review compliance with this Decree at any time during its duration. If at any time during the duration of this Decree the EEOC believes that Whataburger is in violation of this Decree, the EEOC shall provide written notice to Whataburger – directed and sent to Whataburger's Legal Department – specifying each alleged violation and provide Whataburger an

opportunity to correct each alleged violation.  If there is a violation and correction is not made within thirty (30) days of such written notice from the EEOC, the parties shall follow the Dispute Resolution Procedure set forth in Paragraph 53-55 below.

50.     In the event EEOC believes there has been a violation of the Decree, and as part of EEOC's review and compliance monitoring, EEOC may conduct interviews of Whataburger employees and request and obtain documents from Whataburger.  EEOC will provide Whataburger with at least 5 days written-notice to Whataburger's Legal Department of the need to conduct interviews and inspect documents.

51.     Any submissions, reports, certifications, notices, or other materials that are required to be submitted to EEOC shall be mailed to the attention of "EEOC Regional Attorney, Robert E. Weisberg, Re: Whataburger Consent Decree," at United States Equal Employment Opportunity Commission, Miami Tower, 100 SE 2nd Street, Suite 1500, Miami, Florida 33131, and via e-mail at Robert.Weisberg@eeoc.gov and mdoconsentdecreecompliance@eeoc.gov.  All notifications to Whataburger's Legal Department shall be made to Labor & Employment Attorney, Office of General Counsel, 300 Concord Plaza Drive, San Antonio, Texas 78216.

## NOTIFICATION OF SUCCESSORS

52.     Whataburger shall provide prior written notice to any potential purchaser of its business and to any other potential successor of the EEOC's lawsuit, the allegations raised in the EEOC's complaint, and the existence and contents of the Decree.

## DISPUTE RESOLUTION

53.     As detailed above, in the event EEOC believes Whataburger has failed to comply with any provision(s) of the Decree, EEOC will provide written notice to Whataburger – directed and sent to Whataburger's Legal Department – and Whataburger must make a good faith attempt

to cure any breach of the Decree within thirty (30) calendar days of notification. The thirty (30) days to cure provision of this Paragraph shall not apply, however, to the payment required by Paragraph 13 above.

54.     Following the thirty-day cure period and to the extent the alleged breach or violation has not been cured by Whataburger, EEOC shall have the right to enforce the Decree and/or remedy any breach in this Court.

55.     No party shall contest the Court's jurisdiction to hear a dispute arising from the Decree nor challenge EEOC's ability to bring an action to enforce the terms of the Decree in this Court.

## NO CONDITIONAL RECEIPT

56.     Whataburger will not condition the receipt of individual relief on Ms. Burrous' agreement to (a) maintain as confidential the terms of this Consent Decree; (b) waive her statutory right to file a charge of discrimination with any federal or state anti-discrimination agency; (c) or waive her right to apply for employment with Whataburger in the future.

## FEES AND COSTS

57.     Each party to this Decree shall bear its own fees and costs associated with this litigation.

SO ORDERED, ADJUDGED AND DECREED, this 27th day of April , 2020.

s/ William Stafford
U.S. DISTRICT JUDGE STAFFORD
UNITED STATES DISTRICT JUDGE

AGREED TO:

FOR THE PLAINTIFF, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

By: _____ Date: _____
Robert E. Weisberg

<small>Digitally signed by Robert E. Weisberg
DN: cn=Robert E. Weisberg, o=U.S. Equal Employment Opportunity
Commission, ou=MDO Legal, email=robert.weisberg@eeoc.gov, c=US
Date: 2020.04.21 12:49:15 -04'00'</small>

Robert E. Weisberg
U.S. Equal Employment Opportunity Commission
Miami District Office
100 SE 2nd Street, Suite 1500
Miami, Florida 33131
Telephone: (305) 808-1789
Facsimile: (305) 808-1835

FOR DEFENDANTS, WHATABURGER RESTAURANTS LLC:

By: _____ Date: 4-21-2020

**Exhibit A**

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

1.      This NOTICE is posted pursuant to a Consent Decree between Whataburger Restaurants LLC ("Whataburger") and the U.S. Equal Employment Opportunity Commission ("EEOC") in Civil Action No. 4:17-cv-00428-WS-CAS, which alleged that Whataburger retaliated against an employee that engaged in protected activity.  Whataburger is posting this notice to reflect its commitment to continue to prohibit retaliation in the workplace.

2.      Title VII protects all individuals from retaliation for making charges, testifying, assisting, or participating in enforcement proceedings.  Whataburger's policy and federal law requires that there be no retaliation against any employee or applicant for employment because an individual has engaged, or may engage, in activity in furtherance of the EEO laws the EEOC enforces.

3.      Whataburger will continue to comply with such federal law in all aspects, and it will not take any action against employees because they have exercised their rights under the law by filing charges or cooperating with the EEOC or by otherwise opposing employment practices made unlawful under federal law.

4.      The EEOC is the federal agency responsible for enforcing the federal laws described above and receiving complaints regarding their violation.  The EEOC maintains offices throughout the United States, and can be contacted at 1-800-669-4000 and www.eeoc.gov.

SIGNED this 21st day of April , 2020.

_____

Vice President of Human Resources, Whataburger

***DO NOT REMOVE THIS NOTICE UNTIL 3 YEARS FROM DATE OF SIGNATURE***